**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | No. 1:17-cr-10277-MLW |
| **PETER MOLLOY** | |

## DEFENDANT'S MOTION FOR RELEASE ON CONDITIONS

Defendant Peter Molloy ("the defendant"), by and through undersigned counsel, respectfully moves this Honorable Court to allow his pre-trial release pending adjudication of the criminal charges against him, pursuant to 18 U.S.C. § 3142(a)(2). As grounds therefor, the defendant avers and states he is not a flight risk and there are conditions of release that will ensure "the safety of any other person and the community," as required by 18 U.S.C. § 3142(f). Specifically, the defendant suggests that imposition of the following specific conditions of release satisfy the bail statute:

1. he not be permitted to leave the District of Massachusetts;

2. he be subject to GPS electronic monitoring;

3. he continue to reside at his current address in Boston, MA; a condominium which he owns[1];

4. he be subject to a daily curfew of 8:00 AM to 8:00 PM;

5. he participate in outpatient substance abuse treatment/counseling;

6. he sign a secured appearance bond in the amount of $250,000.00, which shall be fully collateralized by the following property owned by his father: the family vacation home located at 1431 Aqui Esta Drive, Unit 612, in Punta Gorda, FL, which is a three (3) bedroom condominium with deeded boat dock and lift;

---

[1] The defendant's street address has been withheld pursuant to Fed.R.Crim.P. 49.1, but is, upon information and belief, known to U.S. Probation, and will be made available to this Honorable Court upon request.

7. he sign an unsecured appearance bond in the amount of $250,000.00 (or in the alternative post cash bail in the amount $50,000.00);

8. he be subject to random urinalysis/drug screening by the U.S. Department of Probation to assure he is drug/opiate free;

9. his residence be subject to random, unannounced searches by U.S. Probation;

10. he surrender his passport;

11. he pre-signs a waiver of rendition/extradition to the District of Massachusetts;

12. he seek/maintains regular employment as approved by U.S. Probation;

13. he abide by all statutory conditions of release as well as any other conditions set forth in 18 U.S.C. § 3142(c)(1) which this Honorable Court deems necessary; and

14. an arrest warrant be executed by this Honorable Court and held in abeyance unless or until any of the foregoing conditions have been violated.

## APPLICABLE LAW

The defendant has been charged in a two (2) count indictment alleging conspiracy to distribute and to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846[2], and possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).[3] The government has cited the following grounds for detention: 18 U.S.C. § 3142(f)(1)(C) (the defendant has been charged with "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act"); and § 3142(e) (setting forth the rebuttable presumption of risk of flight and danger to the community).

Due to the indictment in this case, 18 U.S.C. § 3142(e)(3)(A) creates a rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." However, "the

---

[2] This indictment contains a specific allegation that approximately 50 grams of methamphetamine are attributable to the defendant and his co-defendant, which triggers the ten (10) year mandatory minimum of 21 U.S.C. § 841(b)(1)(A)(i).
[3] This indictment contains a specific allegation that approximately 50 grams of methamphetamine are attributable to the defendant, which triggers the ten (10) year mandatory minimum of 21 U.S.C. § 841(b)(1)(A)(ii).

presumption serves to shift the burden of production and to require that the defendant introduce 'some evidence' to the contrary." *United States v. O'Brien*, 895 F.2d 810, 815 (1st Cir. 1990) (emphasis added). While the penalty the defendant is facing, and the probable cause determination by the Grand Jury in returning the indictment against him, expressly implicate the presumption described above, the implication does nothing to alter the clear and convincing evidence standard by which the government must establish the defendant does, in fact, present a risk of danger to the community, regardless of the presumption. *See United States v. Patriarca*, 948 F.2d 789 (1st Cir. 1991). The statute is clear: "in determining whether there are conditions of release that will reasonably assure…the safety of any other person and the community," this Court "shall consider" the factors set forth in 18 U.S.C. § 3142(g)(1)-(4).

**ARGUMENT**

Here, the defendant avers and states that the fourteen (14) specific conditions of release enunciated above, as well as the statutory conditions to which anyone on pretrial release is subject, are more than sufficient to assure the defendant's appearance in court as required and "the safety of any other person and the community," and successfully rebuts the presumption of § 3142 described above. While there is no evidence the defendant has ever presented a threat of actual violence to any person, nor engaged in violent activity, his confinement to the District of Massachusetts, GPS monitoring of his whereabouts, the possibility of random home searches, and the requirement that he be drug tested will eliminate the risk of his further involvement with the alleged criminal (drug) activity for which he is presumed a danger. These same conditions, coupled with him surrendering his passport, pre-signing a waiver of rendition/extradition, having a standing arrest warrant hanging over his head, being subject to a strict curfew, and perhaps most importantly, pledging his parents' vacation home (purchased via a second mortgage on

their primary residence in Floral Park, NY) are more than sufficient to assure his appearance in court as required; particularly in view of the fact that he has resided in the greater Boston area since his matriculation at BC in 1996, has no record of criminal conviction(s) and absolutely no record of defaulting/absconding in any court proceedings to which he has been subjected, prior to his arrest in this case.[4]

First Circuit precedent, namely *United States v. Patriarca*, 948 F.2d 789 (1st Cir. 1991) and *United States v. O'Brien*, 895 F.2d 810 (1st Cir. 1990), is instructive for purposes of this Court's determination here. In *Patriarca*, despite the introduction of evidence supporting allegations that the defendant was the "Boss" and titular leader of a world-wide criminal organization engaged in acts of murder, extortion, drug-dealing and witness intimidation (as supported by tape recordings of pledges by mafia inductees to kill government informants and witnesses if ordered to do so) with myriad "Soldiers" and "Associates" at his beck and call, the First Circuit nonetheless upheld the District Court's finding that adequate conditions (including in that case home confinement) could be fashioned to reasonably assure the safety of any person and the community.  Although Patriarca was not facing mandatory minimum prison sentence(s) as the defendant is, the defendant is not charged as being the head of a violent Criminal Enterprise in which murder, extortion, loan-sharking, drug-dealing and witness intimidation were routinely committed in furtherance thereof. In contrast to *Patriarca*, the defendant in *O'Brien* was facing a mandatory minimum prison sentence.  Notwithstanding evidence that the defendant in *O'Brien* was also a high-level DEA Agent with ties outside the continental United States who was charged with narcotics violations involving kilogram (cocaine) weights requiring imposition

---

[4] A prior misdemeanor drug charge in Orleans District Court was continued without finding (CWOF) and resulted in a dismissal as a result of the defendant's full compliance with his the terms of his 1 year probation in the interim. It is particularly probative that the defendant appeared as required at all six (6) of his pre-disposition court appearances in Orleans, MA.

of a mandatory minimum prison sentence if convicted of at least ten (10) years, the First Circuit nonetheless upheld the District Court's conclusion that the posting of the defendant's own Virginia home and electronic monitoring were sufficient to ensure his appearance as required. *O'Brien*, 895 F.2d at 811.  To suggest that the defendant, who has no record of criminal convictions should be treated *more harshly* by denying him release than both the one-time head of the New England Mafia in *Patriarca* and the government trained rogue law enforcement official in *O'Brien* who was charged with violating the same laws he was sworn to enforce strains credulity.

Through this motion, the defendant is proposing conditions similar to those imposed in *O'Brien*, including GPS monitoring and the posting of real estate. Unlike *O'Brien*, where on information and belief, the approved real estate bond involved his own property, here, the defendant is proposing the posting of his retired father and mother's hard-earned vacation home. Moreover, he is also suggesting a pre-signed waiver of extradition, confinement to the District of Massachusetts, random residential searches, and mandatory urinalysis and drug testing.  While the charges in the instant case are equally as serious as those in *O'Brien* in terms of the potential penalties,  it cannot credibly be argued that the defendant, an accused street-level "meth dealer" poses a greater threat to the safety of any person or the community, or flight risk, than did a high-profile DEA Agent with alleged international ties and presumed knowledge and specialized training regarding fugitive apprehension (sufficient to potentially provide awareness as to how to evade arrest), who was accused of tarnishing his badge and betraying his office by engaging in kilogram-weight cocaine distribution. In other words, if satisfactory conditions could be fashioned in *O'Brien*, they clearly can be fashioned herein, as well. Even attempting to compare

Peter Molloy to Capo di Tutti Capo Raymond Patriarca, for whom satisfactory conditions were also fashioned---and upheld, is a non-starter.

Moreover, there is sufficient evidence to support the fact that the defendant suffers from a methamphetamine addiction that has gone untreated. Given his lack of a record of criminal conviction(s) as a result of the referenced CWOF in Orleans, and because of his as yet to be treated addiction, the defendant presents as an ideal candidate for RISE consideration. However, by virtue of rigid program prerequisites, he is not eligible for RISE participation if he is not on pretrial release. A release order that includes the requested condition of him participating in Probation-approved outpatient drug counseling program(s) is not only a prerequisite for RISE, but is clearly the first/next necessary step for a young man, and BC graduate, who once had a promising future in the financial risk management field, during his thirteen (13) years of employment at Brown Brothers Harriman in Boston.

In sum, the defendant submits that an order pursuant to 18 U.S.C. § 3142(h) incorporating all of the above enumerated conditions is sufficient to satisfy the dictates of 18 U.S.C. § 3142(f), and he respectfully requests this Honorable Court issue an order permitting his release subject thereto.

WHEREFORE, the defendant respectfully requests his motion for release on conditions be granted.

Dated: September 29, 2017

Respectfully submitted,
PETER MOLLOY
By and through his attorneys,

 /s/ *R. Bradford Bailey*
R. Bradford Bailey, BBO#549749
BRAD BAILEY LAW, P.C.
10 Winthrop Square, 4th Floor
Boston, Massachusetts 02110
Tel.: (857) 991-1945
Fax: (857) 265-3184
brad@bradbaileylaw.com

### Certificate of Service

I, R. Bradford Bailey, hereby certify that on this the 29th day of September, 2017, I caused a true copy of the foregoing *Defendant's Motion for Release on Conditions* to be served upon all necessary parties to this matter by virtue of electronically filing the same via the CM/ECF system.

 /s/ *R. Bradford Bailey*
R. Bradford Bailey