# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| |
|---|
| UNITED STATES OF AMERICA |
| |
| v. |
| |
| PETER MOLLOY, |
|         Defendant. |

**No. 1:17-cr-10277-MLW**

## DEFENDANT'S MOTION FOR
## CONTINUED RELEASE PENDING SENTENCING

The defendant, Peter Molloy ("Molloy"), by and through undersigned counsel, hereby respectfully moves this Honorable Court, during the Rule 11 hearing currently scheduled for June 4, 2018, to defer acceptance of Molloy guilty plea until the time of sentencing[1] and order his continued release on the same conditions previously imposed, pursuant to 18 USC § 3142(c). Counsel for the government, AUSA James Arnold, has advised the government does not object to Molloy's continued release pending sentencing.  As grounds therefor, the defendant avers and states as follows:

1. The above-numbered indictment charges Molloy with one (1) count of conspiracy to distribute and to possess with intent to distribute fifty (50) grams or more of methamphetamine, in violation of 21 USC §§ 846 & 841(b)(1)(A)(viii), and one (1) count

---

[1] Molloy has been made aware that, because he is tendering his plea pursuant to Fed. R. Crim. P. 11(c)(1)(B), he has no right to withdraw his guilty plea once made.  However, because 18 USC § 3143(a)(2) requires this Court to detain Molloy pending imposition of sentence once a guilty finding has been entered, he therefore respectfully requests this Court defer formal entry of the same so the relief he requests herein remains available.

of possession with intent to distribute fifty (50) grams or more of methamphetamine, in violation of 21 USC §§ 841(a) & 841(b)(1)(A)(viii).

2. Although the indictment alleges specific drug quantities which trigger ten (10) year mandatory minimum sentences for each count, undersigned counsel anticipates Molloy will be determined to be safety valve eligible, pursuant to USSG § 5C1.2 & 18 USC § 3553(f), and the applicable guidelines sentencing range ("GSR") will be calculated to be 70-80 months imprisonment.

3. Specifically, the negotiated plea agreement,[2] which will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B), calculates Molloy's base offense level as 32 because at least 150 grams but less than 500 grams of methamphetamine (actual) are attributable to him. *See* USSG § 2D1.1(b)(17). Further, under the terms of the plea agreement as currently drafted, the government has found that Molloy has personally satisfied USSG § 5C1.2(a)(5) and will recommend safety valve application, resulting in a 2-level decrease, if U.S. Probation determines Molloy has satisfied §§ 5C1.2(a)(1)-(4). Undersigned counsel anticipates U.S. Probation will do so and that Molloy's offense level will be further reduced by three (3) levels, pursuant to USSG §§ 3E1.1(a), (b), resulting in a total offense level of 27 and a GSR of 70-80 months imprisonment.

4. In addition to likely not being subject to the ten (10) year mandatory minimum sentence, it's clear from all the evidence in this case that, at the time of the offense conduct and his

---

[2] As of the time of this filing, the negotiated plea agreement requires final approval with the government; it is anticipated the plea agreement will be approved on its current terms in advance of Molloy's Rule 11 hearing.

arrest,[3] Molloy was severely addicted to methamphetamine.  Since his arrest, Molloy has evidenced a remarkable and unwavering dedication to overcoming this addiction, which he had developed over a five (5) year period.  At the time of his release on October 19, 2017, Molloy was ordered to submit to drug testing and participate in inpatient or outpatient substance abuse therapy/counseling as directed by U.S. Pretrial Services.  He has been fully compliant with these directives, never failing a drug test, and never missing any of his scheduled sessions at the Gavin Foundation which has included individual psychiatric treatment sessions with Dr. Siu Ping Chin Feman and substance abuse counseling with John Leavitt, a clinical social worker.  *See* Letters by Dr. Feman & John Leavitt, MSW, attached hereto.

5. Not only has Molloy remained fully compliant with his conditions of release by engaging in the treatment program directed by U.S. Pretrial Services, he has also gone above and beyond by seeking additional therapeutic opportunities on his own initiative in an effort to ensure his addiction remains fully in the past.  Finding his treatment with Gavin Foundation to be helpful, but not sufficient due to their lack of experience managing addiction to methamphetamines, Mr. Molloy voluntarily underwent an intake for the Addiction Recovery and Wellness Program at Fenway Health.  It was determined there that he attend a minimum of twelve (12) Recovery Skills Groups; to date, he has attended seventeen (17) group meetings.  *See* Letter by Melissa Savage, LICSW, LADC, attached hereto. Similarly, on his own initiative, he attends Narcotics Anonymous and/or Crystal Meth Anonymous ("CMA") meetings, which he attends multiple times a week.  *See* Letter by

---

[3] When undersigned counsel first observed Molloy in detention, he was clearly exhibiting withdrawal symptoms and undergoing detoxification; AUSA Karen Beausy also commented to undersigned counsel that agents noted Molloy was in "rough shape" at the time of his arrest.

Douglas Daniels, attached hereto.  He has even sought the aid of alternative medicine and has received nineteen (19) acupuncture therapy sessions at Fenway Health, which he also has also found helpful.  Finally, Mr. Molloy reports the most effective means by which he can maintain sobriety outside of counseling and therapy is by keeping himself busy and productive.  He has therefore maintained full-time employment with Home Depot; he began as a cashier but has since been promoted to bookkeeper.

6.  Additionally, Molloy applied to participate in the RISE program in April.  Although he was not rendered ineligible by virtue of his history or the pending charges and otherwise met the program's eligibility criteria, the RISE Committee declined to recommend him to the program based on the "totality of the circumstances… and program constraints."[4] Molloy, who is making every effort to avail himself of all opportunities for the most effective course of substance abuse treatment, sought the Committee's reconsideration of its decision at its most recent meeting, which occurred on May 29, but the Committee again declined to recommend him.[5]

7.  In sum, the low-end of the applicable sentencing guidelines range, assuming this Court calculates his guidelines in the same fashion as set forth above, is a sentence of less than six (6) years imprisonment and more than 40% lower than what the mandatory minimum would require.  He has remained fully compliant with all orders imposed upon him

---

[4] On information and belief, Molloy's application was denied partly because the program's limited resources are generally afforded to individuals who are in need of the stringent requirements and accountability RISE offers, whereas Molloy is differently situated in that he has so successfully obtained substance abuse counseling on his own.

[5] It is undersigned counsel's understanding the decision regarding whether to permit Molloy to participate in the RISE program ultimately rests with this Court.  Accordingly, at the time of Molloy's sentencing, it is undersigned counsel's intention to renew his request to participate in the program with this Court.

including the treatment programming required of him by U.S. Pretrial Services, but has also engaged in additional substance abuse treatment to maximally ensure his commitment to sobriety is achieved.  His release pending sentencing will therefore afford Molloy much-needed continuity of substance abuse treatment which would largely be unavailable were he to be detained pending sentencing.  And, as noted at the outset, the government does not object to Molloy's release pending sentencing.  It is therefore respectfully submitted his release pending sentencing is in the best interests of justice so Molloy may continue with the course of substance abuse treatment he has undertaken over the nearly eight (8) month period since the time of his release.

WHEREFORE, Molloy respectfully requests this Court defer acceptance of his guilty plea and order his release on the same conditions, pending sentencing.

Dated: May 31, 2018

Respectfully submitted,
PETER MOLLOY
By and through his attorney,

 /s/ *R. Bradford Bailey*
R. Bradford Bailey, BBO#549749
BRAD BAILEY LAW, P.C.
10 Winthrop Square, 4th Floor
Boston, Massachusetts 02110
Tel.: (857) 991-1945
Fax: (857) 265-3184
brad@bradbaileylaw.com

**Certificate of Service**

I, R. Bradford Bailey, hereby certify that on this the 31st day of May, 2018, I caused a true copy of the foregoing *Defendant's Motion for Continued Release Pending Sentencing* to be served upon all necessary parties to this matter by virtue of electronically filing the same via the CM/ECF system.

 /s/ *R. Bradford Bailey*
R. Bradford Bailey

5