UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 17-10277-MLW |
| ) | |
| PETER MOLLOY, ) | |
|     a/k/a "Scooby" ) | |
|           Defendant. ) | |

## PRELIMINARY ORDER OF FORFEITURE

**WOLF, S.D.J.**

WHEREAS, on September 13, 2017, a federal grand jury sitting in the District of Massachusetts returned a two-count Indictment charging defendant Peter Molloy, a/k/a 'Scooby" (the "Defendant") with Conspiracy to Distribute and to Possess with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 846 (Count One); and Possession of Methamphetamine with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1) (Count Two);

WHEREAS, the Indictment also included a forfeiture allegation, pursuant to 21 U.S.C. § 853, which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of any offense alleged in Counts One and Two of the Indictment, of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense, including but not limited to the following:

    (a)    approximately $76,962 US Currency seized from 248 E Street, Unit 1, South Boston, Massachusetts, on or about August 14, 2017;

    (b)    the residence and real property located at 248 E Street, Unit 1, South Boston, Massachusetts, and all improvements thereon;

    (c)    a grey 2014 Hyundai Veloster, VIN number KMHTC6AE7EU204145,

        bearing Massachusetts registration 55LV40, register to Peter Molloy, 248 E Street, Unit 1, Boston, Massachusetts; and

(d)    a white 2014 Mercedes CLA250 VIN number WDDSJ4GB0EN127061, bearing Massachusetts registration 709XYZ, registered to Christine Guerriero, 28 Denis Drive, Westwood, Massachusetts;

WHEREAS, the Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant;

WHEREAS, on June 4, 2018, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pleaded guilty to Counts One and Two of the Indictment, pursuant to a written plea agreement that he signed on the same day;

WHEREAS, in Section 9 of the plea agreement, the Defendant admitted that the following properties are subject to forfeiture:

(e)    $75,762 in U.S. currency seized from 248 E. Street, Unit 1 in Boston, Massachusetts;

(f)    A $1,000 money order seized from 248 E. Street, Unit 1 in Boston, Massachusetts;

(g)    The residence and real property located at 248 E Street, Unit 1, South Boston, Massachusetts, and all improvements thereon; and

(h)    A grey 2014 Hyundai Veloster, VIN number KMHTC6AE7EU204145, bearing Massachusetts registration 55LV40, register to Peter Molloy, 248 E Street, unit 1, Boston, Massachusetts;

(collectively, the "Properties"), on the grounds that they constitute, or are derived from, proceeds

of Defendant's offense, and/or they were used to facilitate Defendant's offense charged in Counts One and Two of the Indictment;

WHEREAS, light of the Defendant's guilty plea and admissions in the plea agreement, the United States has established the requisite nexus between the Properties and the offenses to which the Defendant pled guilty, and accordingly, the Properties are subject to forfeiture to the United States pursuant to 21 U.S.C. § 853; and

WHEREAS, pursuant to 21 U.S.C. § 853, and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Properties;

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the United States has established the requisite nexus between the Properties and the offense to which the Defendant pleaded guilty.

2. The Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

3. Accordingly, all of Defendant's interests in the Properties are hereby forfeited to the United States of America for disposition pursuant to 21 U.S.C. § 853.

4. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Properties and maintain them in its secure custody and control.

5. Pursuant to 21 U.S.C. § 853(n)(1), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the

Properties.

6. Pursuant to 21 U.S.C. § 853(n)(1), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Properties to be forfeited.

7. Pursuant to 21 U.S.C. § 853(n)(2) and (3), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Properties, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Properties; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Properties, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Properties, any additional facts supporting the petitioner's claim, and the relief sought.

8. Pursuant to 21 U.S.C. § 853(n)(7), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Properties.

9. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 21 U.S.C. § 853, and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

10. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his

sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

                                                                           MARK L. WOLF
                                                                           Senior United States District Judge

Dated: _____